UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY GREENE, ) | 1:05cv0555 OWW DLB |
| ) | (former Case No. 1:05mc0025) |
| Plaintiff, ) | |
| ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF COMPLAINT |
| v. ) | |
| NEAL McCALEB, et al., ) | |
| ) | |
| Defendants. ) | |

## BACKGROUND

Plaintiff Charles Anthony Greene ("Plaintiff") is proceeding pro se and in forma pauperis. On April 21, 2005, Plaintiff filed a complaint entitled, "Complaint in a Civil Action Violation of 5th & 14th Amendments to the U.S. Constitution- involving a "CONSPIRACY to INTERFERE with CIVIL RIGHTS." Plaintiff names as Defendant "Assistant Secretary-Indian Affairs (BIA) Neal McCaleb," Curtis D. Wilson or Acting Regional Director, Eastern Oklahoma Regional Office, Paul Yates, BIA Talihina Agency, and Brenda Hampton, Director of Tribal Membership-Choctaw Nation of Oklahoma (collectively "Defendants").

Plaintiff, an African-American, alleges that he is a decedent of a recognized tribal member of the Choctaw Nation of Oklahoma. He alleges that he was denied membership in the tribe because he could not connect back to a direct ancestor enrolled by blood. Plaintiff explains that he disagrees with this interpretation and alleges that Defendants have deprived him of his

1

right to be registered with the Bureau of Indian Affairs and have conspired against him to deprive him of his civil rights. He requests that Defendants be ordered to register Plaintiff as a Choctaw Indian Freedman.

### Plaintiff's Previous Actions

Plaintiff has filed three similar actions in this Court. In 2000, Plaintiff filed an action entitled *Charles Anthony Greene v. Choctaw Nation of Oklahoma,* Case No. CV F 00-6141 REC SMS. The Court dismissed the action on the grounds that it failed to state a claim upon which relief could be granted.

In 2001, Plaintiff filed an action entitled *Charles Anthony Greene v. Assistant Secretary-Indian Affairs (BIA) Neal McCaleb, et al.,* Case No. CV F 01-6225 AWI LJO. In that case, Plaintiff appeared to allege he was denied membership to the Choctaw Nation of Oklahoma although he claimed membership through a tribal ancestor. On August 23, 2002, the Court dismissed the case without prejudice on the grounds that Plaintiff failed to state a claim and cure pleading deficiencies.

In 2002, Plaintiff filed another action entitled *Charles Anthony Greene v. Assistant Secretary-Indian Affairs (BIA) Neal McCaleb, et al.,* Case No. CV F02-6157 REC LJO. Again, Plaintiff alleged that he was denied membership in the Choctaw Nation of Oklahoma and requested injunctive relief. On October 1, 2002, the Court dismissed the case on the grounds that Plaintiff failed to state a claim, failed to cure pleading deficiencies, and that there was no waiver of sovereign immunity.

This action is Plaintiff's fourth attempt to pursue his claims.

### DISCUSSION

A. Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Discussion

    1.   Federal Rule of Civil Procedure 8

Plaintiff's complaint, like his previous complaints, fails to comply with Rule 8(a)(2). It does not provide fair notice of claims against Defendants or demonstrate that Plaintiff is entitled to relief. Although Plaintiff's research and supporting exhibits is impressive, his complaint is confusing, disjointed and rambling, and does not provide the Court with sufficient information to determine the validity of his claims. Instead of presenting a short and plain statement of his

1  claims, Plaintiff appears to chronicle his repeated attempts to gain tribal membership and his
2  resulting disappointment. He presents what he characterizes as a history of discrimination by
3  Defendants, but provides little to support *his* claim of discrimination.
4      Plaintiff has been informed of this numerous times in his previous cases. In the
5  September 20, 2002, Findings and Recommendation issued in Case No. 02-6157, the Magistrate
6  Judge found:

> Moreover, plaintiff, in no less than two prior dismissed actions, has unsuccessfully attempted to pursue claims similar to or identical [to] those here. Plaintiff seeks to take advantage of cost-free filing to relitigate issues previously decided. Plaintiff should not be rewarded for burdening this Court with his frivolous, fanciful claims.

10      This applies to Plaintiff's current attempt, as well. Although he has stated his claim
11  under a slightly different theory, the result is the same- a rambling, confusing, vague and
12  incoherent pleading that does not clearly set forth Plaintiff's claims.
13      2.    Sovereign Immunity
14      The United States Supreme Court has observed, "It is axiomatic that the United States
15  may not be sued without its consent and that the existence of consent is a prerequisite for
16  jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). Moreover, Congress may
17  impose conditions on the government's waiver of immunity. Nero v. Cherokee Nation of
18  Oklahoma, 892 F.2d 1457, 1463 (10th Cir. 1989).
19      The complaint does not demonstrate any grounds to circumvent sovereign immunity as to
20  the federal defendants. In Nero, the Tenth Circuit held that federal officials were not subject to
21  claims of descendants of slaves owned by the Cherokee Indian Nation and freed by treaty based
22  on the officials' failure to intervene in tribal proceedings. Nero, 882 F.2d 1465-1466. As noted
23  by the court in Nero, and by this Court in Plaintiff's prior actions, the tribal forum is Plaintiff's
24  source for potential relief, not a civil action against a federal agency or official.

### RECOMMENDATION

26      The Court recommends that Plaintiff's complaint be DISMISSED WITHOUT
27  PREJUDICE on the grounds that it fails to state a claim upon which relief may be granted.
28      These Findings and Recommendation are submitted to the Honorable Oliver W. Wanger

1 pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being
2 served with these Findings and Recommendation, Plaintiff may file written objections with the
3 Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
4 Recommendations."  Plaintiff is advised that failure to file objections within the specified
5 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
6 (9th Cir. 1991).

   IT IS SO ORDERED.

**Dated:   April 28, 2005**            /s/ **Dennis L. Beck**
3b142a                      UNITED STATES MAGISTRATE JUDGE